UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SHONDELL KILLEBREW,

      Plaintiff,

v.

HEATHER RIEHLE VOGEL and
MARQUELEANA MCMURTRY,

      Defendants.

Case No. 24-CV-514-JPS

**ORDER**

---

  Plaintiff Shondell Killebrew, a former inmate filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. ECF No. 1. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

**1. MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

  Plaintiff was not incarcerated at the time of filing and Plaintiff filed a motion to proceed without prepayment of the filing fee. ECF No. 2. On the question of indigence, although Plaintiff need not show that he is totally destitute, *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980), the privilege of proceeding without prepayment of the filing fee "is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

  In his motion, Plaintiff avers that he currently has no assets ECF No. 2. Plaintiff indicates that he was recently released from prison and therefore has not received his social security income. *Id.* at 4. He does not own a car

or a home; has nothing in checking or savings accounts; and does not own any other property of value. *Id.* at 3–4. Given these facts, the Court accepts that Plaintiff is indigent and will grant his motion to proceed without prepayment of the filing fee. However, the inquiry does not end there; the Court must also screen the action.

2.   SCREENING THE COMPLAINT

    2.1   Federal Screening Standard

    Notwithstanding the payment of any filing fee, when a plaintiff requests leave to proceed *in forma pauperis*, the Court must screen the complaint and dismiss it or any portion thereof if it raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

    To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (internal citation omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81. However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678) (internal bracketing omitted).

**2.2    Analysis**

To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff should not plead every fact supporting his claims; he only has to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). There is a reason that the rule specifies a "short and plain" statement. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). "[L]ength may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (quoting *U.S. ex rel. Garst*, 328 F.3d 374, 378 (7th Cir. 2003)). "District judges are busy, and therefore have a right to dismiss a complaint that is so long that it imposes an undue burden on the judge, to the prejudice of other litigants seeking the judge's attention." *Id.*

Here, the Court finds that Plaintiff's complaint violates Rule 8(a)(2) of the Federal Rules of Civil Procedure and will therefore be dismissed with

leave to amend. The complaint does not include "a short plain statement of the claim showing that the pleader is entitled to relief," as the rule requires. Fed. R. Civ. P. 8(a)(2). Instead, Plaintiff filed a twenty-five-page complaint, that is extremely difficult to read, with boilerplate legal provisions and factual allegations unrelated to the named defendants. *See* ECF No. 1. Plaintiff names as defendants his parole agent and the agent's supervisor. *Id.* at 4. For unknown reasons, however, Plaintiff's complaint contains pages of details related to an ex-girlfriend and another female friend. "[T]his branch of the court has neither the time nor the resources to engage in what might be charitably described as an archeological dig or truffle hunt." *Sinthasomphone v. Ally Fin. Inc.,* No. 21-CV-863-JPS, 2022 WL 1486512, at *1 (E.D. Wis. May 11, 2022); *see also United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir.1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

As such, the Court finds that the complaint fails to comply with Rule 8(a)(2). Therefore, the Court will dismiss the complaint for the failure to state a claim upon which relief may be granted. If Plaintiff wishes to proceed, he must file an amended complaint curing the deficiencies in the complaint as described herein. An amended complaint must be filed on or before **July 9, 2024**. Failure to file an amended complaint within this time period may result in dismissal of this action without further notice.

Plaintiff should include only the facts necessary in relation to the *Defendants'* action and what they did or did not do that violated his constitutional rights. When writing his amended complaint, Plaintiff should provide the Court with enough facts to answer the following questions: (1) Who violated his constitutional rights?; (2) What did each person do to violate his rights; (3) Where did each person violate his rights?;

and (4) When did each person violate his rights? Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and each Defendant with notice of what each Defendant allegedly did or did not do to violate his rights.

The Court is enclosing a copy of its amended complaint form and instructions. Plaintiff must list all of the defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If the amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

3.  **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the complaint fails to state a claim;

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint that complies with the instructions in this Order on or before **July 9, 2024**. If Plaintiff files an amended complaint by the deadline, the Court will screen the amended complaint under 28 U.S.C. § 1915; if Plaintiff fails to timely file an amended complaint, the Court will dismiss the case for the failure to state a claim; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 4th day of June, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202
>
> **DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.
>
> Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.