# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SHONDELL KILLEBREW,

                      Plaintiff,

v.

HEATHER RIEHLE VOGEL and
MARQUELEANA MCMURTRY,

                      Defendants.

Case No. 24-CV-514-JPS

**ORDER**

      Plaintiff Shondell Killebrew, a former inmate, filed a pro se complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated. ECF No. 1. On June 4, 2024, the Court screened Plaintiff's complaint and allowed him the opportunity to file an amended complaint. ECF No. 5. On June 24, 2024, Plaintiff filed an amended complaint. This Order screens the amended complaint.

**1.    FEDERAL SCREENING STANDARD**

      Notwithstanding the payment of any filing fee, when a plaintiff requests leave to proceed *in forma pauperis*, the Court must screen the complaint and dismiss it or any portion thereof if it raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where

it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (internal citation omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81. However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678) (internal bracketing omitted).

## 2. PLAINTIFF'S ALLEGATIONS

Plaintiff brings this case against Defendants Heather Riehle Vogel ("Vogel"), the probation and parole division supervisor, and Marqueleana McMurtry (McMurtry"), his probation/parole agent. ECF No. 6 at 1–2. On October 17, 2022, Plaintiff reported an incident with his ex-girlfriend to McMurtry. *Id.* at 2. Plaintiff was immediately locked up per an investigation. *Id.* at 3. Plaintiff's ex-girlfriend and her nephew made fabricated statements about Plaintiff causing her harm and brandishing a gun. *Id.* McMurtry opted not to fully and thoroughly investigate the

incident because she failed to take statements from Plaintiff's friend and his sister. *Id.*

McMurtry listened to Plaintiff's calls and failed to mention that his friend said that he had done nothing wrong and had only stopped her from beating Plaintiff's ex-girlfriend. *Id.* at 4. On November 3, 2022, McMurtry and other agents performed a search of Plaintiff's residence, and they did not find a firearm or ammunition. *Id.* On November 7, 2022, McMurtry and Vogel decided to initiate a revocation proceeding without probable cause. *Id.* The outcome of any revocation proceedings is unclear based on Plaintiff's allegations.

3. **ANALYSIS**

The Court will dismiss Plaintiff's amended complaint because Defendants are absolutely immune from suit for their involvement in initiating revocation proceedings. Courts apply a "functional approach" to decide whether the actions of a government official warrant absolute immunity, looking to "the nature of the function performed, not the identity of the actor who performed it." *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (internal citation omitted); *Jones v. Cummings*, 998 F.3d 782, 787–88 (7th Cir. 2021). Absolute immunity shields, for example, a prosecutor's conduct as an advocate that is "intimately associated with the judicial phase of the criminal process," such as initiating a prosecution and presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976). But absolute immunity does not extend to a parole officer who investigates a charge and then prepares a violation report for a revocation; such conduct lacks a "prosecutorial or judicial analog." *Wilson v. Kelkhoff*, 86 F.3d 1438, 1446 (7th Cir. 1996); *see also Dawson v. Newman*, 419 F.3d 656, 662 (7th Cir. 2005)

(declining to extend absolute immunity to parole officers for performing their day-to-day duties in the supervision of a parolee).

The Seventh Circuit has found that "[w]ith regard to [a parole agent's] actions to initiate revocation proceeding, she is entitled to absolute immunity. *Mays v. Johnson*, 850 F. App'x 981, 982 (7th Cir. 2021) (citing *Tobey v. Chibucos*, 890 F.3d 634, 650 (7th Cir. 2018) (probation officer engaged in quasi-judicial function by filing memoranda requesting that state's attorney begin proceedings to revoke probation)). Specifically, with respect to Wisconsin regulations, the court noted that "parole agents have the discretion to decide how they will proceed after investigating an alleged parole violation." *Id.* Here, McMurtry and Vogel are therefore immune from their involvement in initiating Plaintiff's revocation proceedings. As such, the Court finds that Plaintiff fails to state a claim against them.

Finally, although courts generally must permit civil plaintiffs at least one opportunity to amend their pleadings, the Court need not do so where the amendment would be futile. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015). Because no amendment can overcome Plaintiff's immunity issue, it would be futile to allow him to amend the complaint a second time. As such, the Court is obliged to dismiss this action, with prejudice.

4. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that this case be and the same is hereby **DISMISSED with prejudice** for the failure to state a claim.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of July, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed a "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.